FILED

NOT FOR PUBLICATION

MAY 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10227 |
| Plaintiff - Appellee, | D.C. No. 1:06-cr-00049-LJO-1 |
| v. | |
| DAVID J. EDWARDS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted April 15, 2011
San Francisco, California

Before: NOONAN and N.R. SMITH, Circuit Judges, and BLOCK, Senior District Judge.[**]

David J. Edwards ("Edwards") appeals the district court's denial of his motion to suppress grand jury testimony and dismiss the indictment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Assuming, without deciding, that the district court erred in denying Edwards's motion to suppress Ledbetter's grand jury testimony, we conclude that the error was harmless. "[A]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988). Since the testimony and documentary evidence that Special Agent Brian Applegate presented to the grand jury were clearly sufficient to support the indictment, the admission of Ledbetter's testimony did not "'substantially [influence] the grand jury's decision to indict'" and the district court properly declined to dismiss the indictment. *See id.* at 256 (quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986) (O'Connor, J., concurring)).

**AFFIRMED.**

*United States v. Edwards*, No. 10-10227
Judge N.R. Smith concurring,

The district court did not err in refusing to dismiss the indictment or suppress Ledbetter's testimony, because there was no violation of the tax practitioner privilege. Congress specified that the privilege "may only be asserted in – (A) any noncriminal *tax* matter before the Internal Revenue Service; and (B) any noncriminal *tax* proceeding in Federal court brought by or against the United States." 26 U.S.C. § 7525(a)(2) (emphases added). It is obvious that a grand jury hearing is not a matter before the Internal Revenue Service. Edwards conceded at oral argument that the grand jury hearing was not a tax proceeding in Federal court. The privilege was therefore inapplicable.

There is no reason for the court to extend a common-law privilege in this case. Congress has expressly provided that a tax practitioner-client privilege should only apply to a "noncriminal tax matter before the Internal Revenue Service" or a "noncriminal tax proceeding in Federal court." *Id.*; Fed. R. Evid. 501 ("[T]he privilege of a witness . . . shall be governed by the principles of the common law," "[e]xcept as otherwise . . . provided by Act of Congress.")